LELAND J. SCHOEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schoen v. Commissioner
Docket No. 4672-74.
United States Tax Court
T.C. Memo 1975-167; 1975 Tax Ct. Memo LEXIS 205; 34 T.C.M. (CCH) 746; T.C.M. (RIA) 750167; May 29, 1975, Filed Leland J. Schoen, pro se. Jack R. Selzer, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a $96.83 deficiency in petitioner's *206 1971 income tax. At issue is the correctness of the disallowance of two deductions for medical expenses. The deduction for medical expenses is set forth in section 213 of the Code, and it extends to payments made on behalf of the taxpayer's "dependents" as that word is defined in section 152. The issue herein, more particularly, is whether the payments here in question were on behalf of "dependents" of the taxpayer. The first deduction, in the amount of $400 was claimed by petitioner in respect of his father, who resided in Arizona but who was visting petitioner at his home in Ipswich, Massachusetts, in June, 1971. At that time the father was arrested and charged with disorderly conduct in Ipswich. It appears that the father was suffering from mental problems and the Massachusetts court ordered on June 11, 1971, that he "be released to son's custody"; the case was then dismissed. Petitioner thereupon promptly arranged to transport his father back to Arizona, where within a very short time the father was committed to a mental institution. Petitioner then returned to Massachusetts. The $400 claimed as a medical deduction related solely to expenses incurred in connection with this *207 trip. Petitioner admits that he did not furnish as much as 50 percent of his father's support during 1971. In the circumstances, the disallowance must be approved. Section 152(a) of the 1954 Code explicitly requires that in order for petitioner's father to be classified as a "dependent", he must have received over half of his support for the year from petitioner -- a condition that was not satisfied here. Accordingly, the claimed medical expense cannot qualify for deduction. The mere fact that for a limited purpose the father was released to petitioner's custody by the Massachusetts court is not sufficient to comply with the requirements of section 152. The other medical deduction disallowed was an item of $10.30 paid to a veterinarian on behalf of petitioner's dog. In his petition the taxpayer set forth his position in respect of this item as follows: My dog is dependent on me for food & medical care. My family and I are dependent on my dog for protection from harm in the night. A family's dog is part of the family. Again the I.R.S. is simply playing on semantics in disallowing this expense. While petitioner appears to be entirely sincere, it is quite obvious that the dog *208 cannot qualify as a dependent under section 152. Whatever validity there may be to the ancient maxim that a dog is man's best friend, it is all too clear to us that in no circumstances can a dog qualify as a dependent by reason of being a relative of the taxpayer by blood, marriage or adoption within any of the categories set forth in section 152(a)(1)-(8) and (10), or as an "individual" who is a member of the taxpayer's household within section 152(a)(9). We hold that there is no sound basis for supporting the claimed medical deductions on any acceptable theory. Decision will be entered for the respondent.